Clare M. Sproule, Esq.
The Law Office of Clare M. Sproule
3056 Riverside Drive
Wantagh, NY 11793
(516) 804-5598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
KAREN NAPOLITANO, JANET WILKEN SPADERO, : ECF Case
JANET KAM, PATRICIA CLAHANE, CATHRYN L. :
KOURTIS, VALERIE HAWKINS, PATRICIA N. : CV 09 4154 (LDW) (WDW)
CHARDON AND MELISSA ALGER, Individually and :
on Behalf of All Other Persons Similarly Situated, :
                   :
        Plaintiffs,   : DEFENDANTS LIVINGSTON
                   : FOOT CARE SPECIALISTS, P.C.,
                   : DR. LEON LIVINGSTON AND DR.
     - against -      : DOUGLAS LIVINGSTON'S
                   : ANSWER TO THE CLASS AND
LIVINGSTON FOOT CARE SPECIALISTS, P.C., DR. : COLLECTIVE ACTION
LEON LIVINGSTON, DR. DOUGLAS LIVINGSTON : COMPLAINT AND DEMAND FOR
and JOHN DOES #1-10, Jointly and Severally, : JURY TRIAL
        Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANSWER TO THE CLASS AND COLLECTIVE ACTION
COMPLAINT AND DEMAND FOR JURY TRIAL

    Defendants Livingston Foot Care Specialists, P.C. ("LFCS"), Dr. Leon Livingston and Dr. Douglas Livingston (hereinafter referred to collectively as "Defendants"), through their attorney, Clare M. Sproule, Esq., hereby answer and/or otherwise respond to the Class and Collective Action Complaint and Demand for Jury Trial ("Complaint") as follows:

    1.  Defendants deny the allegations in paragraph 1 or that they violated any federal law with respect to Plaintiffs or any similarly situated current or former employees Plaintiffs purport to represent.

    2.  Defendants deny the allegations in paragraph 2 or that they violated any state law with respect to Plaintiffs or any similarly situated current or former employees Plaintiffs purport to represent.

3. Paragraph 3 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny that they violated any federal or state law or that they engaged in any unlawful conduct with regard to Plaintiffs that could give rise to a claim.

4. Paragraph 4 contains a conclusion of law to which no response is required. To the extent a response is required, Defendants deny that they violated any federal or state law or that they engaged in any unlawful conduct with regard to Plaintiffs that could give rise to a claim.

5. Paragraph 5 contains a conclusion of law to which no response is required.

6. Defendants lack sufficient information to admit or deny the allegations in paragraph 6.

*7.* Defendants lack sufficient information to admit or deny the allegations in paragraph 7.

8. Defendants lack sufficient information to admit or deny the allegations in paragraph 8.

9. Defendants lack sufficient information to admit or deny the allegations in paragraph 9.

10. Defendants lack sufficient information to admit or deny the allegations in paragraph 10.

11. Defendants lack sufficient information to admit or deny the allegations in paragraph 11.

12. Defendants lack sufficient information to admit or deny the allegations in paragraph 12.

13. Defendants deny knowledge or information sufficient to admit or deny the allegations in paragraph 13.

14. Defendants admit the allegations in paragraph 14.

15. Defendants admit the allegations in paragraph 15.

16. Defendants deny the allegations in paragraph 16, except admit that defendants Dr. Leon Livingston and Dr. Douglas Livingston are shareholders of defendant LFCS, and aver that during the time period relevant to Plaintiffs' Complaint, Dr. Michael Livingston was a shareholder of defendant LFCS, and that he operated and controlled the operations and management of LFCS relative to LFCS's employees, including Plaintiffs.

17. Defendants admit the allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18, and aver that Dr. Michael Livingston is John Doe #1, as he is a former shareholder of defendant LFCS who participated in the day-to-day operation of the practice during the time period relevant to Plaintiffs' Complaint.

19. Defendants deny the allegations in paragraph 19.

20. Defendants lack sufficient information to admit or deny the allegations in paragraph 20 as it is uncertain to whom the allegations are referring.  To the extent that the allegations are referring to the named Plaintiffs, Defendants deny the allegations in paragraph 20.

21. Defendants deny there is any basis for a collective action pursuant to 29 U.S.C. § 207, and further deny the allegations in paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

26. Defendants deny knowledge or information sufficient to admit or deny whether Plaintiffs have knowledge of the difficulties that will be encountered in the management of this litigation and that should preclude its maintenance as a collective litigation.

27. Paragraph 27 contains an allegation of law to which no response is required. To the extent a response is required, Defendants deny that any of the prerequisite criteria of a class action can be demonstrated herein, and further aver that the opt-out requirements of Federal Rule of Civil Procedure ("FRCP") 23 are in inherent conflict with the opt-in requirements of the Fair Labor Standards Act ("FLSA"); and therefore, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

28. Defendants deny the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants lack sufficient information to admit or deny the allegations in paragraph 32.

33. Defendants lack sufficient information to admit or deny the allegations in paragraph 33.

34. Defendants lack sufficient information to admit or deny the allegations in paragraph 34.

35. Defendants deny the allegations of paragraph 35, except admit that Plaintiff Napolitano was employed by defendant LFCS as an office manager, who was exempt from overtime compensation, from about April 2004 through July 1, 2009, at which time she

voluntarily resigned and began, upon information and belief, working for Dr. Michael Livingston at his newly opened podiatry practice, Livingston Podiatry Associates.

36.     Defendants deny the allegations of paragraph 36, except admit that Plaintiff Spadero was employed part-time by defendant LFCS as an office worker from about June 2000 until on or about July 1, 2009, at which time she voluntarily resigned and began, upon information and belief, working for Dr. Michael Livingston at his newly opened podiatry practice, Livingston Podiatry Associates.

37.     Defendants deny the allegations of paragraph 37, except admit that Plaintiff Kam was employed part-time by defendant LFCS as an office worker from about January 2000 until on or about March 31, 2009 at which time she voluntarily resigned from LFCS.  Upon information and belief, she is currently working for Dr. Michael Livingston at his newly opened podiatry practice, Livingston Podiatry Associates.

38.     Defendants deny the allegations of paragraph 38, except admit that Plaintiff Clahane was employed part-time by defendant LFCS as an office worker from about February 1999 until on or about July 1, 2009, at which time she voluntarily resigned and began upon information and belief, working for Dr. Michael Livingston at his newly opened podiatry practice, Livingston Podiatry Associates.

39.     Defendants deny the allegations of paragraph 39, except admit that Plaintiff Kourtis was employed part-time by defendant LFCS as an office worker from about June 2004 until July 12, 2007, at which time she voluntarily resigned from LFCS.  Thereafter, she worked for LFCS sporadically as an independent contractor from August 19, 2008 until June 2, 2009.  Upon information and belief, she is currently working for Dr. Michael Livingston at his newly opened podiatry practice, Livingston Podiatry Associates.

40. Defendants deny the allegations of paragraph 40, except admit that Plaintiff Hawkins was employed full-time by defendant LFCS as an office worker from about June 2006 until on or about July 1, 2009, at which time she voluntarily resigned and began, upon information and belief, working for Dr. Michael Livingston at his newly opened podiatry practice, Livingston Podiatry Associates.

41. Defendants deny the allegations of paragraph 41, except admit that Plaintiff Chardon was employed part-time by defendant LFCS as an office worker from about September 1995 until January 1, 2006.  She was employed full-time thereafter until on or about July 1, 2009, at which time she voluntarily resigned and began, upon information and belief, working for Dr. Michael Livingston at his newly opened podiatry practice, Livingston Podiatry Associates.

42. Defendants deny the allegations of paragraph 35, except admit that Plaintiff Alger was employed part-time by defendant LFCS as an office worker from about March 2008 until on or about July 1, 2009, at which time she voluntarily resigned and began, upon information and belief, working for Dr. Michael Livingston at his newly opened podiatry practice, Livingston Podiatry Associates.

43. Defendants admit the allegations in paragraph 43.

44. Defendants deny the allegations of paragraph 44, except admit that Plaintiffs' duties did not include managerial responsibilities and the exercise of independent judgment, with the exception of Plaintiff Napolitano, whose position included such managerial responsibilities and the exercise of independent judgment.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. Defendants repeat and reiterate their responses to paragraphs 1-46 as though fully set forth herein.

48. Defendants deny the allegations of paragraph 48, except admit that defendant LFCS is an employer engaged in interstate commerce within the meaning of 29 U.S.C. §§ 203 and 207.

49. Defendants deny the allegations of paragraph 49, except admit that Plaintiffs Napolitano, Spadero, Clahane, Hawkins, Chardon and Alger were employed by defendant LFCS until July 1, 2009, at which time they voluntarily resigned their employment with defendant LFCS.  Plaintiff Kourtis voluntarily resigned her employment with LFCS in July 2007 and was an independent contractor from August 2008 through June 2009.  Plaintiff Kam voluntarily resigned from LFCS in March 2009.  Upon information and belief, Plaintiffs began working for Dr. Michael Livingston at his newly opened podiatry practice, Livingston Podiatry Associates on July 1, 2009 and are currently employed there.

50. Defendants deny the allegations of paragraph 50, except admit that defendant LFCS has had gross revenues in excess of $500,000.00.

51. Paragraph 51 is a statement of law that requires no response.

52. Defendants deny the allegations of paragraph 52.

53. Defendants deny the allegations of paragraph 53.

54. Defendants deny the allegations of paragraph 54.

55. Defendants deny the allegations of paragraph 55.

56. Paragraph 56 is a statement of law that requires no response.  To the extent a response is required, Defendants deny that they violated any federal law or that they engaged in any unlawful conduct with regard to Plaintiffs that could give rise to a claim.

57. Defendants deny the allegations of paragraph 57.

58. Defendants repeat and reiterate their responses to paragraphs 1-57 as though fully set forth herein.

59. Defendants deny the allegations of paragraph 59, except admit that Plaintiffs, with the exception of Plaintiff Kourtis who was an independent contractor since in or about August 2008, were employed by defendant LFCS within the meaning of New York Labor Law § 651.

60. Defendants deny the allegations of paragraph 60.

61. Defendants deny the allegations of paragraph 61.

62. Defendants deny the allegations of paragraph 62.

63. Defendants deny each and every allegation set forth in the PRAYER FOR RELIEF clause following paragraph 62 and further deny that Plaintiffs, or anyone that Plaintiffs purport to represent, are entitled to any of the relief sought in the PRAYER FOR RELIEF or to relief of any kind.

## DEFENSES

As and for their affirmative and other defenses, Defendants state as follows:

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff Napolitano was an exempt employee under the administrative exemption as defined in the FLSA and/or the New York State Labor Law and the regulations and rulings there under and thus is not entitled to overtime compensation under federal or state law.

### THIRD DEFENSE

Plaintiffs Spadero, Kam, Clahane and Alger were part-time employees who regularly worked fewer than 40 hours per week, and thus are not entitled to overtime

compensation under the FLSA and/or the New York State Labor Law. To the extent that these employees worked more than 40 hours in a week, if ever, they were compensated for such overtime hours at the rate of one and a half times their regular rate.

### FOURTH DEFENSE

Plaintiff Kourtis worked as an independent contractor since August 2008, and thus is not entitled to overtime compensation under the FLSA and/or the New York State Labor Law.

### FIFTH DEFENSE

Plaintiffs Hawkins and Chardon were full-time employees who worked overtime hours on occasion, but at all times were compensated for such overtime hours at the rate of one and a half times their regular rate.

### SIXTH DEFENSE

Plaintiffs are not typical of a putative class or representative of any collective action.

### SEVENTH DEFENSE

As shown above, individual analysis of Plaintiffs' claims predominates over any common questions, which defeats the utility of any purported collective action or class action.

### EIGHTH DEFENSE

Some or all of Plaintiffs' claims are barred by applicable statutes or periods of limitation.

**NINTH DEFENSE**

The Court should decline to exercise federal supplemental jurisdiction over Plaintiffs' claims based on state law where the supplemental claims precede the federal statute of limitations.

**TENTH DEFENSE**

The Court should decline to exercise federal supplemental jurisdiction over Plaintiffs' claims that are styled as a "Rule 23 opt-out class action," as they are in inherent conflict with the Congressional intent expressed in section 16(b) of the FLSA which specifically requires plaintiff to "opt-in" by filing a Consent to Sue.

**ELEVENTH DEFENSE**

The Complaint is barred in whole or part because Plaintiffs cannot demonstrate that they are entitled to recover liquidated damages.

**TWELFTH DEFENSE**

Defendant LFCS has at all times compensated Plaintiffs in good faith and with a reasonable ground for believing their compensation was in compliance with the FLSA and/or the New York State Labor Law.  At no time during their employment with LFCS did any of the Plaintiffs voice questions or concerns regarding their alleged entitlement to overtime compensation.

**THIRTEENTH DEFENSE**

Neither Dr. Leon Livingston nor Dr. Douglas Livingston was individually involved in the day-to-day scheduling and payroll decisions that were made on behalf of LFCS by Plaintiff Napolitano, as LFCS's office manager.

**FOURTEENTH DEFENSE**

At all relevant times, Dr. Michael Livingston managed the day-to-day operations of the practice with respect to the employees, and directly supervised Plaintiff Napolitano in connection with any compensation issues. To the extent that there is any individual liability with respect to Plaintiffs' claims, which Defendants vehemently deny, Plaintiffs should look to Dr. Michael Livingston for recourse. If Plaintiffs do not join Dr. Michael Livingston as a defendant in the action, Defendants will move the Court to join him at the appropriate time.

**FIFTEENTH DEFENSE**

Some or all of Plaintiffs' claims are subject to the *de minimis* rule, 29 C.F.R. §785.47, because they involve insignificant amounts of overtime.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of unclean hands.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of laches.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of equitable estoppel.

**NINETEENTH DEFENSE**

Defendants reserve the right to raise additional affirmative and other defenses that may subsequently become or may appear applicable to some or all of Plaintiffs' claims.

WHEREFORE, Defendants deny each and every allegations of Plaintiffs' Complaint, except as expressly admitted or qualified above. Judgment should be entered on Plaintiffs' Complaint in favor of Defendants, Plaintiffs' Complaint should be dismissed with prejudice and Plaintiffs should be required to pay the costs of suit, as well as attorneys' fees

incurred by Defendants in defending against Plaintiffs' claims and such other relief as the Court may deem just and proper.

Dated: New York, New York       THE LAW OFFICE OF CLARE M. SPROULE
       December 2, 2009

                                    By:     /S/Clare M. Sproule
                                            Clare M. Sproule

                                  3056 Riverside Drive
                                  Wantagh, New York  11793
                                  Office/Fax (516) 804-5598
                                  csproule@sproulelaw.com
                                  Attorney for Defendants Livingston Foot Care Specialists, P.C., Dr. Leon Livingston and Dr. Douglas Livingston